## Minnie R. Kittle, Appellant, v. Edmond Brown, Administrator, Appellee.

1. GIFTS—*what essential to validity*. Freedom of the will is essential to make a gift valid and it must appear that the donor understood the nature and effect of the transaction.

2. GIFTS—*when burden upon donee to establish validity*. If the relations of the parties are those of confidence the burden is upon the donee to establish that the gift was the free and voluntary act of the donor made with full knowledge of the facts.

Exceptions to administrator's report. Appeal from the Circuit Court of Jasper county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

SHAMHART & ISLEY, for appellant.

GIBSON & WALKER, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

In the month of December, 1907, Thomas Brown died intestate, leaving surviving him his widow, Priscilla A. Brown, and Edmond Brown, appellee, Groves C. Brown and Minnie R. Kittle, his children and only heirs at law. Besides real estate, the deceased left personal property which after the payment of all debts and charges, amounted to the sum of $4,070.03 for distribution among the heirs. Appellee, Edmond Brown, became the administrator of the estate. He resided with his mother Priscilla who on October 5, 1909, executed to him a paper under seal which recited that she relinquished to the children all her right, title and interest to one-third of the personal estate. The paper has been destroyed. After the paper had been delivered to the administrator, he prepared and filed a final report reciting the supposed relinquishment and reporting for distribution among the said children the

whole of the personal estate including the one-third inherited by the widow. After making the report and giving notice of final settlement, the administrator by leave withdrew it, together with the paper signed by Priscilla, and filed another final report in which he reported having paid Priscilla one-third of the personal estate amounting to the sum of $1,356.68, for which he filed her receipt. The last report reduced the distributive share of the children as shown by the first final report to the extent of the amount paid the widow. To the last report Minnie R. Kittle filed exceptions setting forth the writing executed by Priscilla whereby it was claimed she had relinquished her interest to one-third of the personal estate; that the administrator had without authority of law withdrawn said release and first final report; that it was the duty of the administrator to account for said sum so relinquished by Priscilla and to pay to said exceptor one-third thereof amounting to the sum of $452.23. The Probate Court overruled her exceptions and approved the last report of the administrator. Upon appeal to the Circuit Court the order and judgment of the County Court were affirmed, from which order of the circuit court Minnie R. Kittle has appealed.

The sole question presented here is whether the administrator should be held to account for the sum of $1,356.68 paid the widow and this involves the question whether such payment to her was a lawful distribution.

Upon the death of the intestate, the widow became entitled to one-third of the personal estate after payment of debts and unless she has in some way parted with her right to it, the payment to her by the administrator was proper.

There is no pretense there was any consideration whatever paid for the alleged relinquishment and if the widow is to be deprived of it, it must be upon the theory it was a gift.

It appears from the evidence that while the widow

could read and write, she did not read the paper but it was read to her by the administrator. She had the utmost confidence in her children and had voluntarily conveyed to them by deed lands left by her husband in which she had a dower interest. In the execution of the paper in which there was a voluntary relinquishment by her of a considerable sum inherited from her husband's estate, she should have had a thorough and complete understanding of the effect of her act. She was dealing with her son the administrator, in whom she had confidence and who stood to her in a relation of trust. She could not use the same precaution to understand the paper she would use with a stranger. She was not accustomed to doing business. There is nothing to show the son was not dealing fairly with her, but we cannot escape the conclusion that she did not understand the purport of the paper when read over to her. She says she did not understand it, and that when she signed it she thought she was conveying land to the children. One of the witnesses to the signature says that when the widow signed it she said she didn't see any use of signing a paper "for something she had done a good while back." The next day she inquired of the administrator how much money she was to get out of the estate and when told she would get none, that she had signed it away, she said she knew better and she wanted the paper back; that her understanding was it related to the land.

Freedom of the will is essential to make a gift valid and it must appear the donor understood the nature and effect of the transaction. And the relation of the parties here was such that the burden was upon the appellant to show the gift was the free voluntary act of the donor made with full knowledge of the facts.

Aside from this we think if there was a voluntary relinquishment with a full understanding of the transaction the gift was never executed.

The administrator was not the agent or trustee of the alleged donees to receive the gift and until there

was a delivery to them by the administrator of the fund at the request of the widow, she had the right to revoke it. It was at best a mere promise to give and until fully executed it was revocable.

We are of opinion the order of the Circuit Court was right and it is affirmed.

*Affirmed.*